IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADOLFO CANO-DOMINGUEZ,

Petitioner,

v.

MISTY MACKEY, Warden, Midwest Regional Reception Center; MARKWAYNE MULLIN, Secretary, DHS; and DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3394-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.[1]

Petitioner, a native of Mexico, alleges that he has been detained since October 6, 2026, by immigration officials pending removal proceedings. He is presently in custody in this judicial district. On October 19, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

[1] Petitioner's motion for consideration of particular circumstances (Doc. # 2) is **granted** to the extent that the Court has reviewed and considered all materials submitted by petitioner. Similarly, the Court **grants** petitioner's motion for leave to submit additional exhibits (Doc # 6).

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner seeks discretionary release on bond pursuant to 8 U.S.C. § 1226(a). The Government has confirmed that petitioner is being detained under Section 1226(a), as evidenced by a written notice of a custody determination conducted under that statute. The Government also concedes that petitioner is entitled to request a bond hearing in immigration court under that statute. According to an order of that court, however, at a hearing on October 28, 2026, petitioner withdrew his request for release on bond. In his reply brief, petitioner disputes that he withdrew his request, stating that his hearings have merely been postponed to allow him to obtain counsel. Nevertheless, petitioner has not alleged that any renewed request for a bond hearing has been denied; thus he has not shown that he has been denied the opportunity to have a bond hearing, which remains available to him. Accordingly, petitioner has not shown that his detention violates federal law, and the Court therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for consideration of particular circumstances (Doc. # 2) is hereby **granted** to the extent that the Court has reviewed and considered all materials submitted by petitioner.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for leave to submit additional exhibits (Doc # 6) is hereby **granted**.

IT IS SO ORDERED.

Dated this 19th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge